529 So.2d 1145 (1988)
Kenneth Howard PARKER and Sprayberry Trucking Company, Inc., Appellants,
v.
Ervin MONTGOMERY, Sr., et al., Appellees.
No. 87-656.
District Court of Appeal of Florida, First District.
April 20, 1988.
Patricia Guilday and Fred M. Johnson of Fuller, Johnson & Farrell, Tallahassee, for appellants.
Kenneth L. Connor and D. Lance Langston of Connor & Martinez; and Cecil L. Davis, Tallahassee, for appellees.
ERVIN, Judge.
Appellants/defendants appeal from a judgment entered in a wrongful death action awarding damages in the sum of $650,238.00 to the parents of their deceased 18-month-old child, Stephen Montgomery. They argue that the lower court erred in striking their affirmative defense of mitigation of damages and in refusing to allow evidence relating to the negligent failure of the mother to place Stephen in a child restraint device. We affirm.
On February 16, 1986, a tragic, bizarre accident occurred, resulting in the deaths of three of the six persons occupying an automobile traveling in an easterly direction on Apalachee Parkway in Tallahassee. The automobile was struck on its front right side, by an unoccupied semitractor trailer truck that had been left at a parking lot next to the highway, causing severe damage to the area where the decedent child was located, who, at the time of the accident, was seated on the lap of his uncle, neither of whom was wearing a seat belt nor a restraint device. At the later trial appellants conceded liability, and on appeal contest only that portion of the judgment relating to the amount of damages awarded the parents of Stephen.
Appellants asserted below, as an affirmative defense, that the failure of the mother to place her child in an approved child passenger restraint, as required by Section 316.613(1)(a), Florida Statutes (1985), was negligence, contending that such failure was the cause of Stephen's death. The appellees moved to strike the defense as legally insufficient, relying upon section 316.613(3), stating: "The failure to provide and use a child passenger *1146 restraint shall not be considered comparative negligence, nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence." (emphasis supplied) This defense was stricken,[1] and shortly before trial appellants sought to add as an affirmative defense the issue that any damages awarded should be reduced by the percentage that they could have been mitigated or avoided by the use of an approved child restraint device. Appellants attempted to distinguish their second defense pertaining to the nonuse of a child restraint seat, from the earlier disapproved defense, under the theory that the latter related only to the parents' failure to avoid or mitigate foreseeable damages, and not, as previously urged, to any issue of negligence or comparative negligence on behalf of the parents. Although this motion was also stricken, appellants were permitted to proffer expert testimony in support of the defense, opining that had Stephen been placed in an approved child restraint seat, he would have completely escaped injury.
It is appellants' position on appeal that because section 316.613(3) expressly forbids only evidence regarding the failure of the responsible parent or guardian to place a child in a restraint device for negligence or comparative negligence purposes, any other relevant defense and evidence thereof, not explicitly precluded, such as mitigation of damages, is admissible. In support of their argument they cite Wilson v. Volkswagen of America, Inc., 445 F. Supp. 1368 (E.D.Va. 1978), holding, in its interpretation of Section 46.1-309.1(b), Va. Code Ann.[2] (1974), that the term negligence is not applicable to acts which merely exacerbate or enhance the severity of one's injuries; therefore evidence of nonuse of a seat belt submitted for the purpose of showing mitigation of damages is not precluded by the statute. The District Court concluded that if the Virginia General Assembly had intended the statute to bar the introduction of evidence pertaining to the nonuse of a seat belt in order to mitigate damages, the Assembly could have explicitly so stated by adding such words, as did the Tennessee State Legislature, see Tenn. Code Ann. § 59-930, or the Minnesota State Legislature, see Minn. Stat. Ann. § 169.685(4), foreclosing the introduction of evidence pertaining to the nonuse of a seat belt for any purpose.[3]
The difficulty we have in accepting appellants' argument, and thereby applying a similar interpretation to section 316.613(3), is that its language is substantially different from that provided in the Virginia statute. In addition to stating that the nonuse of a child passenger restraint is not admissible in regard to negligence, the Florida statute states that such failure "shall not be considered comparative negligence... ." (emphasis supplied) In our judgment the doctrine of comparative negligence subsumes within it the concept of mitigation of damages, as applied to a case involving as a defense an injured person's failure to use an available seat belt or child restraint device. In so saying, we observe that it is possible that the question certified to the Florida Supreme Court in Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), may have influenced appellants' belief that the two terms, comparative negligence and mitigation of damages, involve disparate theories. There the court was asked "whether Florida courts should consider seat belt evidence as bearing on comparative negligence or mitigation of damages." Id. at 449 (e.s.). As we will undertake to explain, the above doctrines, as applied to an issue raising the seat belt defense, involve essentially the same principles of law; therefore the statutory preclusion of evidence relating to comparative negligence precludes as well evidence pertaining to mitigation of damages.
Although, as observed in Annotation, Nonuse of Seat Belt as Failure to Mitigate *1147 Damages, 80 A.L.R.3d 1033, 1036, n. 1 (1977),
the term "mitigation of damages" has no single meaning and is used by the courts to describe several different problems in the law of damages, the term as used herein encompasses those facts which tend to show that the conceded or assumed cause of action does not entitle the plaintiff to as large an amount of damages as would otherwise be recoverable. Specifically, the type of problem litigated herein involves the doctrine of avoidable consequences, or efforts to minimize damages, where the plaintiff reasonably could have avoided a part or all of the consequences of the defendant's wrongful act.
The commentator otherwise notes that "the application of the doctrine of comparative negligence to the situation posed seems at times very nearly indistinguishable from the application of a mitigation of damages theory... ." Id. at 1036.
The above comments are supported by a substantial body of out-of-state case law. A case that was primarily relied on by the Florida Supreme Court in Pasakarnis, in its holding that the seat belt defense is relevant for the purpose of apportioning an injured party's damages,[4] was that of Spier v. Barker, 35 N.Y.2d 444, 363 N.Y.S.2d 916, 323 N.E.2d 164, 80 A.L.R.3d 1025 (1974), acknowledging that a plaintiff's duty to mitigate his or her damages is equivalent to the doctrine of avoidable consequences, precluding a plaintiff's recovery for any damages which could have been eliminated by reasonable conduct on his or her behalf. Similarly, the Court of Appeals of New Mexico, in discussing both the Spier and Pasakarnis decisions, observed that "New York and Florida appear to have adopted the seat belt defense under the mitigation of damages [theory], sometimes referred to as the avoidable consequences doctrine." Thomas v. Henson, 102 N.M. 417, 696 P.2d 1010, 1016 (1984). See also Dunn v. Durso, 219 N.J. Super. 383, 530 A.2d 387, 394 (1986) ("Florida also appears to have recognized the seat belt defense under a mitigation of damages theory.").
In that Florida has judicially adopted "pure" comparative negligence, meaning that a plaintiff's contributory fault does not operate to bar his or her recovery altogether, but serves to reduce his damages in proportion to his fault, see Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), it is important to analyze the term mitigation of damages or avoidable consequences in relation to both the doctrines of contributory negligence and comparative negligence. A plaintiff's contributory negligence occurs either before or at the time of the wrongful act or omission of the defendant, whereas the plaintiff's fault in failing to mitigate damages generally arises after the wrongful act of the defendant. A commonly given example of the latter is the failure of a plaintiff to obtain without unreasonable delay medical treatment following accidental injury. Accordingly, if some of the damages incurred could have reasonably been avoided by the plaintiff, the latter doctrine prevents those damages from being added to the amount of damages recoverable. See 22 Am.Jur.2d Damages § 31 (1965). The most significant difference between avoidance of consequences and contributory negligence is in their effect, however. Id. In states where comparative negligence has not been adopted, contributory negligence acts as a complete bar to a plaintiff's cause of action. On the other hand, the doctrine of avoidable consequences does not bar the entire action; it simply prevents recovery of those post-accident damages that could have been reasonably avoided. Id.
Thus, in jurisdictions that still retain contributory negligence, the differences between the effects of the two doctrines present a logical dilemma to courts confronted with the seat belt defense, because use or nonuse of a seat belt involves pre-accident conduct that generally does not contribute to the occurrence of the accident, whereas the theory of mitigation of *1148 damages or avoidable consequences traditionally applies only to post-accident conduct that aggravates the ensuing damages.[5] Moreover, if the seat belt defense were considered a form of contributory negligence, the plaintiff's negligent conduct, although it in no way contributed to the accident, would completely bar his or her recovery. As a result, a number of cases in such jurisdictions have declined to apply the defense, for the simple reason that a plaintiff's failure to wear an available seat belt would not usually be considered the cause of the accident. See Annot., 80 A.L.R.3d at 1043-1045; Annotation, Automobile Occupant's Failure to Use Seat Belt as Contributory Negligence, 92 A.L.R.3d 9, 15-27 (1979).
Courts in jurisdictions that have adopted comparative negligence are not confronted with the same constraints in mitigating damages based upon a plaintiff's pre-accident conduct that played no actual part in causing the accident. As observed in Annotation, Nonuse of Automobile Seat Belts as Evidence of Comparative Negligence, 95 A.L.R.3d 239-240, n. 1 (1979):
While the mitigation of damages concept is, for present purposes, to be regarded as an exception to the traditional contributory negligence doctrine, the term "comparative negligence" is used herein to refer to a concept which, in negligence actions generally, authorizes or requires the apportionment of damages between a negligent defendant and a contributorily negligent plaintiff.
(emphasis supplied)
In that Florida permits the negligence of a plaintiff and the defendant to be apportioned, by reducing the amount of damages sustained by the plaintiff in proportion to his own fault, Hoffman v. Jones, we consider that the application of the concept of mitigation of damages for the purpose of reducing a plaintiff's damages resulting from his or her failure to use a seat belt is now subsumed within that of comparative negligence. A number of jurisdictions that have adopted comparative negligence consider the seat belt defense as a relevant factor in apportioning damages. See Lowe v. Estate Motors Ltd., 428 Mich. 439, 410 N.W.2d 706 (1987); Hutchins v. Schwartz, 724 P.2d 1194, 1199 (Alaska 1986); Thomas v. Henson. Thus, in situations where there is a reasonable basis for the division of a single harm, the courts in such jurisdictions frequently reject the distinction between pre-accident and post-accident conduct and rely instead upon the approach found in the Apportionment of Harm to Causes rule, Section 433A of the Restatement (Second) of Torts (1965), providing:
(1) Damages for harm are to be apportioned among two or more causes where
(a) there are distinct harms, or
(b) there is a reasonable basis for determining the contribution of each cause to a single harm.
(2) Damages for any other harm cannot be apportioned among two or more causes.
Comment c. to Section 465 of the Restatement, relating to contributory negligence causation principles, observes that the above rule stated in Section 433A is applicable as well to cases involving contributory negligence. Comment c. continues that the apportionment of a plaintiff's damages is commonly made under the avoidable consequences rule, "where the plaintiff suffers an original injury, and his negligence consists in failure to exercise reasonable care to prevent further harm to himself." Significantly, the comment makes no distinction, in apportioning such damages, between a plaintiff's pre-accident and post-accident conduct, observing:
Such apportionment may also be made where the antecedent negligence of the plaintiff is found not to contribute in any way to the original accident or injury, but to be a substantial contributing factor in increasing the harm which ensues. There must of course be satisfactory evidence to support such a finding, and the court may properly refuse to *1149 permit the apportionment on the basis of mere speculation.
(emphasis supplied)
The courts in comparative negligence jurisdictions that accept the seat belt defense have in effect adopted the above comments, by allocating damages to two separate causes, i.e., two different collisions, resulting in a single harm. As observed by the Supreme Court of Wisconsin in Foley v. City of West Allis, 113 Wis.2d 475, 335 N.W.2d 824, 829 (1983), in a typical automobile accident involving nonuse of a seat belt, two collisions occur: the first being that between the two vehicles colliding with one another, and the second, caused by the first, when the unbelted occupant of the vehicle collides with the vehicle's interior. It is only those additional damages caused by the second collision that are relevant to the seat belt defense, and which therefore should be apportioned under a mitigation of damages or avoidance of consequences theory. Id. Cf. Pasakarnis, 451 So.2d at 453 ("[A]utomobile collisions are foreseeable as are the so-called `second collisions' with the interior of the automobile.").
Although a number of courts speak in terms of a plaintiff's "duty" to mitigate his or her damages by wearing an available seat belt, see e.g., Spier v. Barker; Thomas v. Henson; Dunn v. Dorso, in our judgment the more logical approach to the seat belt defense, as applied to one's failure to utilize an available seat belt or child restraint device, is to refrain from the use of the term duty altogether. This was the path followed by the Arizona Supreme Court in Law v. Superior Court in and for Maricopa County, 157 Ariz. 147, 755 P.2d 1135 (Ariz. 1988), which, in commenting that duty is normally defined in terms of the obligation of care owed to another person, observed that the nonuse of a seat belt is more accurately described as "fault", because such pre-accident conduct, in all but the most unusual situations, presents no danger to others.
The concept of fault, as applied to comparative negligence principles, is consistent with section 1(b) of the Uniform Comparative Fault Act, 12 U.L.A. 39-40 (Supp. 1988), which, like Florida, approves "pure" comparative negligence or fault. Fault is defined under subsection (b) of the Act as, among other things, an "unreasonable failure to avoid an injury or to mitigate damages." The official comment to subsection (b) states that "the doctrine of avoidable consequences is expressly included in the coverage." (emphasis supplied) In the comment to that portion of section 1(a), providing that "a claimant['s recovery is diminished] ... proportionately [to] the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault," it is stated that the term
"injury attributable to the claimant's contributory fault" [involves] ... a causal relation for the particular damage. Thus, negligent failure to fasten a seat belt would diminish recovery only for damages in which the lack of a seat-belt restraint played a part, and not, for example, to the damage to the car.
Id. at 40.
As clearly appears from the above section and comments, the concept of avoidable consequences or mitigation of damages is included within the Act's definition of comparative fault. We moreover find no inconsistency between the Uniform Comparative Fault Act and the judicial pronouncements in Florida, as applied to the nonuse of a seat belt or child restraint device. Cf. Pasakarnis, 451 So.2d at 449 (evidence of nonuse of seat belt is admissible if competent evidence discloses that such nonuse contributed substantially to a portion of plaintiff's damages).
Therefore, if the occupant of a vehicle were an adult and had failed to use an available seat belt, and if there were competent evidence to prove that his or her failure produced or contributed substantially to a portion of the damages sustained, the Pasakarnis rule, by applying comparative negligence principles, would require that such damages be apportioned pursuant to the theory of mitigation of damages. Because, however, section 316.613(3) has explicitly precluded the admission of evidence *1150 relating to the failure of a child to be placed in a child restraint device for comparative negligence purposes, the concept of mitigation of damages, inseparable, under the circumstances at bar, from the doctrine of comparative negligence, is similarly statutorily inadmissible when such nonuse is attempted to be interjected as a defense.
AFFIRMED.
SMITH, C.J., and JOANOS, J., concur.
NOTES
[1] The denial of this defense is not made an issue on appeal.
[2] Section 46.1-309.1(b) provides that failure to use a seat belt shall not be deemed evidence of negligence.
[3] Such a construction was in fact placed upon the Tennessee statute by the Court of Appeals of Tennessee, Middle Section, in Stallcup v. Taylor, 62 Tenn. App. 407, 463 S.W.2d 416 (1970).
[4] The Pasakarnis rule has since been statutorily codified in Florida. See § 316.614, Fla. Stat. (Supp. 1986), and American Auto. Ass'n v. Tehrani, 508 So.2d 365, 370 (Fla. 1st DCA 1987) (on rehearing). Section 316.613(3) also remains intact following the adoption of section 316.614.
[5] As observed in Prosser and Keeton on Torts 459, n. 76 (5th ed. 1984): "The aggravation of injuries in a car accident due to the occupant's failure to use a seat belt is the paradigm modern example of this problem."