PER CURIAM.
Appellant, First Southern Insurance Company, appeals from a final judgment in a worker’s compensation lien case determining the pro rata share of the tort recovery due to the compensation carrier as re *961 imbursement for compensation payments. Appellee has cross appealed.
The appellees, Edward and Catherine Block, filed a complaint against First Southern’s insured for damages arising out of an automobile accident. First Southern filed notice of claim of lien on any settlement or judgment recovered in the suit. The evidence reflects that the suit was settled with the tortfeasor for $600,000 and that First Southern had paid $96,334.92 in worker’s compensation benefits. There was evidence that the settlement figure was seventy percent of the total value of the claim. Based on this evidence the trial court concluded that the carrier should recover seventy percent of the total benefits paid and, in addition, awarded it 100% of the amount it claimed for costs.
Firstly, Southern contends on appeal that it was error for the trial court to hold that failure to wear a seat belt constitutes comparative negligence so as to warrant reduction of a worker’s compensation lien pursuant to section 440.39(3)(a), Florida Statutes. But, even if it does constitute comparative negligence, First Southern argues, the evidence was insufficient to determine if the seat belt was operational. Secondly, it contends that the trial court erred in failing to consider the deposition of a witness regarding the presence or absence of seat belts in the vehicle. Thirdly, error is suggested in not requiring more testimony regarding the full value of the case and in awarding items not properly recoverable as costs.
We reject First Southern’s argument that it was error to consider the seat belt defense as an aspect of comparative neligence in determining the amount that should be awarded to the carrier under its lien claim. We believe that contention has been set at rest in Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984), and Parker v. Montgomery, 529 So.2d 1145, 1148 (Fla. 1st DCA 1988). In the latter case the court stated:
In that Florida permits the negligence of a plaintiff and the defendant to be apportioned, by reducing the amount of damages sustained by the plaintiff in proportion to his own fault, Hoffman v. Jones, we consider that the application of the concept of mitigation of damages for the purpose of reducing a plaintiffs damages resulting from his or her failure to use a seat belt is now subsumed within that of comparative negligence.
(Emphasis supplied.)
The record presented to the trial judge contained evidence which clearly demonstrated that, while the presence of a fully operational seat belt was controverted, the specter of the seat belt defense was a reasonable consideration of the parties in reaching a settlement. In a proceeding to enforce the carrier’s lien, the defense’s proof by a preponderance of evidence is not necessary. As the supreme court said in Nikula v. Michigan Mutual Insurance, 531 So.2d 330, 332 (Fla.1988):
In the lien proceedings, it is only necessary to determine the presence of comparative negligence, and, if present, the full value of damages. The actual amount of the settlement or judgment speaks for itself.
As regards appellant’s second and third points, we believe the evidence adduced at the lien enforcement hearing was sufficient to support the trial court’s findings and conclusions in all but the allowance of costs.
Finally, it appears that certain items were taxed as costs which are not generally allowable, e.g., postage, long distance telephone calls and certain copies. On remand, we suggest the trial court reexamine the claimed costs exercising his discretion in the light of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, reprinted in Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349, n. 2 (Fla. 4th DCA 1983).
Accordingly, we find no merit in the cross appeal, and the amended order of the trial court is affirmed in all respects except as to the award of costs, which, on remand, shall be reconsidered by the trial court in the light of the Uniform Guidelines on Costs referred to above.
*962 DOWNEY and WALDEN, JJ., and McNULTY, JOSEPH P., Associate Judge, concur.