436 So.2d 380 (1983)
TRANSCON TRAILERS, INC., etc., Appellant,
v.
NORTHLAND INSURANCE COMPANY, etc., Appellee.
No. 82-1564.
District Court of Appeal of Florida, Fifth District.
August 18, 1983.
*381 George A. Stelogeannis of George A. Stelogeannis, P.A., Ocala, for appellant.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Transcon Trailers, Inc., appeals from a final summary judgment in favor of its insurance carrier, Northland. The court below determined that the loss suffered by Transcon from the theft of one of its trailers was excluded from coverage. We disagree and reverse the final summary judgment.
The insurance policy issued by Northland provided coverage for loss of the trailer due to theft or larceny. The policy also contained the following exclusion:
This insurance does not apply:
Under the Comprehensive and Theft Coverages, to loss or damage due to conversion, embezzlement or secretion by any person in possession of a covered automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance. .. .
At the time of the theft, the trailer was leased to Ray Fuller for use in his trucking business. Fuller turned the trailer over to his driver who was apparently never seen again. If the driver had possession of the trailer under a "bailment lease, conditional sale, purchase agreement, mortgage, or other encumbrance" between Fuller and Transcon, then the loss was excluded from coverage.
On appeal, Transcon argues that its lease agreement with Fuller was not a "conditional sale, purchase agreement" or "mortgage." Northland agrees and further concedes that the lease agreement was not a "bailment lease." Thus, the only issue presented for our consideration is whether the phrase "or other encumbrance" in the exclusion includes the lease agreement.
Since the exclusion contains an enumeration of specific items followed by a more general phrase, the rule of "ejusdem generis" is applicable. Under the doctrine of "ejusdem generis", when an enumeration of specific things is followed by some more general word or phrase, then the general word or phrase will usually be construed to refer to things of the same kind or species as those specifically enumerated. Halifax Area Council v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980). This doctrine is actually an application of the broader maxim "noscitur a sociis" which means that general and specific words capable of analogous meaning when associated together take color from each other so that the general words are restricted to a sense analogous to the specific words. State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958).
As was noted above, the exclusion for theft coverage applies to situations involving a "bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance." A "bailment lease" is defined as:
A legal method by which one desiring to purchase an article but unable to pay therefor at the time, may secure possession thereof with the right to use and enjoy it as long as he pays stipulated rentals and becomes absolute owner after completing such installment payments, on payment of an additional sum which may be nominal.
Black's Law Dictionary at 129 (5th ed. 1979).
A "conditional sale" is defined as:
A sale in which the vendee receives the possession and right of use of the goods or articles sold, but transfer of complete title to the vendee is made dependent upon the performance of some condition or the happening of some contingency, usually the full payment of the purchase price.
*382 Ballentine's Law Dictionary at 242 (3rd ed. 1969).
A "purchase agreement" is defined as:
An agreement between a buyer and seller of property, setting forth, in general, the price and terms of the sale. A sales agreement or contract.
Black's Law Dictionary at 1110.
A "mortgage" is defined as:
A mortgage is an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt.
At common law, an estate created by a conveyance absolute in its form, but intended to secure the performance of some act, such as the payment of money, and the like, by the grantor or some other person, and to become void if the act is performed agreeably to the terms prescribed at the time of making such conveyance. The mortgage operates as a conveyance of the legal title to the mortgagee, but such title is subject to defeasance on payment of the debt or performance of the duty by the mortgagor.
Id. at 911.
As these definitions indicate, all of the terms in the exclusion involve the transfer of possession as well as the transfer of title (usually, the immediate transfer of possession and the eventual transfer of title contingent upon certain conditions being met). According to Ballentine's Law Dictionary, "encumbrance" is defined as:
Literally a hindrance, impediment, or obstruction, such as an object in a highway... . The significance in the law is that of any right to, or interest in land conveyed, which may subsist in a third party, to the diminution of the value of the land, but at the same time consistent with the passage of the fee thereto... . . Including whatever charges, burdens, obstructs, or impairs the use of the land, depreciates it in value, or impedes its transfer, such as a lien, a mortgage, deed of trust, or an easement... . "Encumbrances" fall into two general classes: (1) Those which affect or relate to the title or the record thereof, and (2) those which affect or relate to the actual physical conditions upon the realty such as a path or roadway indicating a servitude.
The application of the term "encumbrance" is almost invariably made to real estate, although it would seem entirely proper to speak of a chattel mortgage or lien upon personal property as an "encumbrance." (citations omitted)
Id. at 401.
Since the other terms in the exclusion refer to interests which are intended to ultimately result in ownership, under the doctrine of "ejusdem generis", the phrase "other encumbrance" should likewise relate or affect the transfer of title. More specifically, the policy here appears to have been drafted to exclude liability where the covered vehicle is in effect "sold" to another party. As the other party would have possession and the insured only "bare" title, it may be reasonable to shift the responsibility for insuring the vehicle to the other party.
A lease agreement, however, does not necessarily involve or contemplate the eventual transfer of title. When used with reference to tangible personal property,[1] the word "lease" means
[A] contract by which one owning such property grants to another the right to possess, use and enjoy it for specified period of time in exchange for periodic payment of a stipulated price, referred to as rent.
Black's Law Dictionary at 800.
The lease between Transcon and Fuller was for a term of twelve months but was terminable at will. The agreement contained no reference to "renting to own", an option to purchase or anything of a similar nature. Thus, it is clear that Fuller and Transcon did not intend or even contemplate the eventual transfer of title. In these circumstances, the lease agreement *383 does not fall within the phrase "or other encumbrance." As the lease agreement did not cause the loss to be excluded from coverage, Northland was obligated to pay Transcon's claim.
REVERSED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] Of course, when used in reference to real property (which is not the case here), a lease may constitute an encumbrance. See Lovett v. City of Jacksonville Beach, 187 So.2d 96 (Fla. 1st DCA 1966).