503 So.2d 1299 (1987)
J. Eddy THOMAS, Appellant,
v.
CITY OF CRESCENT CITY, Florida, etc., et al., Appellees.
No. 86-147.
District Court of Appeal of Florida, Fifth District.
February 12, 1987.
Rehearing Denied March 17, 1987.
*1300 Edward E. Hedstrom of Hedstrom & Smith, Palatka, for appellant.
James L. Padgett and Judy Taylor Rush of Davis & Padgett, Crescent City, for appellees.
ORFINGER, Judge.
Thomas appeals the order denying his petition for writ of mandamus. We reverse.
Thomas currently owns land in Crescent City on which he operates a resort, providing cabin and boat rentals. The resort has 3 duplexes and 17 boat slips. When Thomas applied for a certificate of occupancy to add 24 recreational vehicle (R.V.) sites on the property, the application was denied on the ground that an R.V. resort was not a permitted use of the property. Thomas unsuccessfully appealed to the Board of Adjustment, then petitioned the circuit court for a writ of mandamus, contending that he had a clear legal right to the issuance of a certificate of occupancy and that the City had a clear legal duty to issue it. After consideration of the City's response to the alternative writ and the zoning ordinance in question, the trial court denied the petition.
Thomas contends that his proposed R.V. resort is a permitted use in the GC-1 district under the City's zoning ordinance. Although that use is not specifically listed, the section of the ordinance establishing that zoning district[1] provides:
4. GC-1 GENERAL COMMERCIAL DISTRICT. Within the CG-1 [sic] General Commercial District as shown on the Official Zoning Map of the City of Crescent City, the following regulations shall apply:
A. Uses Permitted. Land and structures shall be used only for the following purposes.
* * * * * *
(2) Any commercial use of a retail or service nature.
* * * * * *
In Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980), this court addressed a similar problem. There, the Serenity House, an alcoholic rehabilitation center, unsuccessfully sought a certificate of occupancy. The trial court denied relief finding that the center was not a permitted use or a similar use in the "business-professional zone." The zoning ordinance specified the permitted uses in the zone and also permitted "similar uses." Relying on the rule of statutory construction known as ejusdem generis[2] this court noted:
It is especially persuasive that the catchall phrase "and similar uses" must include the contemplated use, because it is designed to cover contingencies for *1301 particular uses which are not described in the comprehensive zoning ordinance... . There being no zone which specifically permits this use, it is then incumbent upon the City to permit the activity within the zone most nearly applicable.
Id. at 187, 188. This court found that the activities contemplated by Serenity House were not inconsistent nor incompatible with those specifically permitted in the "B-P" zone and that no other zoning classification defined activities more comparable to those planned by Serenity House.
In the instant case, the ordinance defines travel and recreational vehicles, but it neither specifically includes nor excludes travel or recreational vehicles or parks in any of the zoning districts, although mobile homes are defined and specifically excluded in all five zones. The City concedes that appellant's proposed use would not constitute a prohibited mobile home park. Thus, by analogy to Halifax Area Council, it would appear that travel and recreational vehicles are permitted in the district which includes comparable activities  the GC-1 district. This district specifically permits hotels, motels, restaurants and fast-food restaurants which are compatible with and complimentary to the proposed usage.
The City argues that the ordinance prohibits the use of land for those purposes not specifically enumerated in the ordinance, but this argument ignores the catchall phrase "any commercial use of a retail or service nature." While admittedly not a "retail" use by definition, the operation of an R.V. resort is as much service oriented as is a motel or hotel, a coin-operated car wash or a dry cleaning plant, all of which are permitted uses in the district. Neither do we find persuasive the City's argument to the effect that the enumerated uses are of a permanent nature, while an R.V. park caters to transitory uses, because the transient use of an R.V. resort is no greater than that of a hotel or motel. We take a broad view of the ordinance because of the legal principle that because "zoning regulations are in derogation of private rights of ownership, words used in a zoning ordinance should be given their broadest meaning when there is no definition or clear intent to the contrary and the ordinance should be interpreted in favor of the property owner." [Footnote omitted]. Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla. 1973).
Because we find that the proposed use is not prohibited by the zoning ordinance and is a permitted use in the GC-1 zoning district of the City, the trial court erred in holding to the contrary and in denying the petition for writ of mandamus on that ground.
The order appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] In addition to the "catch-all" phrase "any commercial use," the GC-1 zoning district permits 33 specific commercial uses such as athletic clubs, bakeries, car wash establishments, bowling alleys, dry cleaning plants, electric substations and gas regulator stations, greenhouses, wholesale markets, hotels and motels, launderettes and laundromats, animal hospitals, restaurants and drive-ins, personal services and tailor shops.
[2] the doctrine of "ejusdem generis", when an enumeration of specific things is followed by some more general word or phrase, then the general word or phrase will usually be construed to refer to things of the same kind or species as those specifically enumerated. This doctrine is actually an application of the broader maxim "noscitur a sociis" which means that general and specific words capable of analogous meaning when associated together take color from each other so that the general words are restricted to a sense analogous to the specific words. [Citations omitted].
Transcon Trailers, Inc. v. Northland Insurance Company, 436 So.2d 380, 381 (Fla. 5th DCA 1983).