PETERSON, Judge.
Carl Bullard appeals the circuit court’s affirmance of an order of enforcement of the Lake County Code Enforcement Board (Board). The Board found Bullard in violation of Lake County ordinances by dwelling in a travel trailer and storing two travel trailers on agriculturally-zoned lands. We treat the appeal as a petition for writ of certiorari pursuant to rule 9.030(b)(2)(B), Florida Rules of Appellate Procedure, and grant it in part.
Bullard owns one acre of land in a rural portion of Lake County. Pictures of the property contained in the record show it to be in poorly maintained condition with various older motor vehicles and debris stored haphazardly. Two older travel trailers are also located on the property; the smaller one, an 18-footer, serves as Bullard’s residence.
It is not surprising that the condition in which Bullard maintains his property would invite a complaint to the Board. It is also not surprising that Bullard received a citation for violation of the code when an investigator who responded to the original complaint was greeted by Bullard in a less-than-hospitable manner. The citation charged violations of section 60.110 of the Lake County Code, and the order of enforcement issued by the Board found him in violation of that section which provides:
Permitted uses [in an agriculturally zoned district]: 60.110. One (1) single family dwelling unit having a minimum living area of eight hundred fifty (850) square feet, which may include three hundred (300) square feet of attached screened area, garages, carports, or utility areas.
Section 40.360 of the code defines “dwelling unit”: “For regulatory purposes, the term ‘dwelling unit’ is not to be construed as including mobile homes, travel trailers, housing mounted on motor vehicles, tents, or other forms of temporary housing” (emphasis added). Section 70.220 of the code provides that uses not permitted are prohibited.
Bullard argues that, since section 60.110 fails to forbid the use of a travel trailer as a dwelling in an agriculturally-zoned district, an ambiguity exists which must be resolved in favor of the property owner. He cites Thomas v. City of Crescent City, 503 So.2d 1299 (Fla. 5th DCA 1987), in support of his argument. In Thomas, the appellant operated a resort in a commercial zoning district which permitted “any commercial use of a retail or service nature.” The appellant sought but was denied by the city a permit to add twenty-four recreational vehicle sites to his property. On appeal of an order denying a writ of mandamus, this court found the proposed use was not prohibited by the zoning ordinance. In so finding, this court noted that the code in question defined travel and recreational vehicles, but it failed to include or exclude in any of the zoning districts travel or recreational vehicles specifically. The court found that an ambiguity was presented by the catchall phrase “any commercial use of a retail or service nature,” and this ambiguity should be interpreted in the appellant’s favor to include recreational vehicle parks or resorts. The court noted that:
We take a broad view of the ordinance because of the legal principle that because “zoning regulations are in derogation of private rights of ownership, words used in a zoning ordinance should be given their broadest meaning when there is no definition or clear intent to the contrary and the ordinance should be interpreted in favor of the property owner.”
*1043 Thomas, 503 So.2d at 1301, quoting Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla.1973) (footnote omitted).
Bullard’s argument fails to recognize that the various sections of the code must be read in pari materia. Europco Management Co. of America v. Smith, 572 So.2d 963, 968 (Fla. 1st DCA 1990). We interpret the three sections of the code noted above to mean that the only dwelling unit permitted in an agriculturally-zoned district is one that meets the minimum size and that the term “dwelling unit” does not include a travel trailer. Even if Bullard validly argued that his travel trailer is a dwelling unit, he is still in violation of the code since by his admission the trailer is not of the minimum size.
The storage of the two trailers on the property is another matter.[1] Lake County argues that, since section 70.220 provides that any uses not permitted are prohibited, the storage is prohibited. We would not interpret that provision in such a broad manner. To do so would disallow all activities on the property, such as walking upon it or planting trees on it, if such activities are not specifically permitted by the code.
We grant the application for a writ for the limited purpose of quashing the circuit court’s affirmance of the violation of section 60.110 for storage of the travel trailers. We deny the application for relief from the affirmance of the Board’s enforcement order relating to the occupation of the travel trailer in violation of section 60.110 of the Lake County Code.
Petition GRANTED in part; DENIED in part.
DAUKSCH and DIAMANTIS, JJ., concur.

. Section 70.381 of the code prohibits the storage of travel trailers. Bullard, however, was not charged with a violation of that section.