835 So.2d 823 (2002)
Salah SALAIMAN and Angela Simpson Individually and on Behalf of Their Minor Deceased Son, Demond Thaddeus Simpson
v.
LOUISIANA CASINO CRUISES, INC., the Estate of Melvin T. Cage, State Farm Mutual Automobile Insurance Company, Christopher A. Haymon, Patterson Insurance Company, and Imperial Fire & Casualty Insurance Company.
Christopher Haymon
v.
State Farm Mutual Automobile Insurance Company and Mrs. Melvin T. Cage.
Allen Laiche, Christy Laiche, Individually and on Behalf of Marcus Laiche
v.
Louisiana Casino Cruises, Inc., the Estate of Melvin T. Cage, State Farm Mutual Automobile Insurance Company.
Dana Simpson Manning, Individually and on Behalf of Her Minor Child, Ashley Manning
v.
State Farm Mutual Automobile Insurance Company, Mrs. Melvin T. Cage, Individually and as Heir to the Estate of Melvin T. Cage, Christopher A. Haymon, Patterson Insurance Company and Allstate Insurance Company.
No. 2001 CA 2075, 2001 CA 2076, 2001 CA 2077, 2001 CA 2078.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*824 Locke Meredith, Sean D. Fagan, Baton Rouge, for Appellants Plaintiffs Salah Salaiman, et al.
Before: FOIL, FOGG and KLINE,[1] JJ.
FOIL, J.
At issue in this appeal is whether La. R.S. 32:295, which requires that children under the age of thirteen be properly secured when riding in a vehicle, but which states that the failure to do so shall not "be admissible as evidence in the trial of any civil action with regard to negligence," provides tort immunity in a suit based on the failure to properly secure a child in a vehicle. The trial court concluded that the statute provided immunity. We reverse.

BACKGROUND
On December 28, 1999, seven-year-old Demond Simpson was a passenger in a vehicle driven by Christopher Haymon. The vehicle was rear-ended by a vehicle driven by Melvin Cage. Demond Simpson *825 died from injuries sustained in the collision. His parents, Salah Salaiman and Angela Simpson, filed wrongful death and survival actions against a host of defendants, including Haymon and Patterson Insurance Company, which issued a liability policy covering the vehicle Haymon was driving. They alleged that Haymon was liable for failing to secure their son in a seat belt or safety harness and failing to take proper evasive action.
Defendants filed a motion to strike the claim based on the failure to adequately secure the child, asserting that the evidence was inadmissible under La. R.S. 32:295F. The trial court granted the motion to strike. Thereafter, the trial court granted defendants' motion for summary judgment, dismissing plaintiffs' remaining claims against Patterson and Haymon. This appeal, taken by plaintiffs, followed.[2]

DISCUSSION
Louisiana Revised Statute 32:295 provides, in pertinent part:
A. Every resident of this state who transports a child or children under the age of thirteen years in a motor vehicle which is equipped with safety belts at the time of manufacture or assembly, or is currently equipped with safety belts, shall have the child properly secured in accordance with the manufacturer's instructions in an age-or size-appropriate passenger restraint system which meets the applicable federal motor vehicle safety standards in effect....
. . . .
[B](2) The term "child restraint system" as used in this Section shall mean a lap belt, a shoulder harness, or an age-or size-appropriate child safety seat.
C. If such child is three to twelve years of age, securing the child in a lap belt or safety belt in a rear seat shall be sufficient to meet the requirements of this Section....
F. In no event shall failure to wear a child passenger safety seat system be considered as comparative negligence, nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence, nor shall such failure be considered a moving violation.
Interpretation of statutes involves the search for the legislature's intent. La. Civ.Code arts. 1 and 2. When a law is clear and unambiguous and does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9; Ruiz v. Oniate, 97-2412, p. 4 (La. 5/19/98), 713 So.2d 442, 444. When the language is susceptible of different meanings, however, it must be interpreted as having the meaning that best conforms to the purpose of the law. Id.
We look first to the language of the statute. The statute mandates the use of safety restraints for children in order to protect them from harm in an automobile collision. The statute protects children by precluding a tortfeasor from raising the fact that the child was not properly secured as a defense to recovery in the event that child is injured in an automobile collision. Paragraph F does this by precluding the introduction of evidence on restraint use in two ways. First, it precludes a defendant from raising the child's failure to be restrained in a safety device as evidence *826 of the child's comparative negligence. Secondly, it precludes the admission of evidence on the issue of negligence. We believe the legislature added this provision to prevent a defendant from raising the issue of someone else's negligence (i.e., the parent) for failing to secure the child in a safety seat in order to reduce the child's recovery.
At a minimum, for a court to construe paragraph F to provide tort immunity to a defendant for the defendant's failure to properly secure a child in a safety seat, the legislative grant of such immunity would have to be express. There are numerous instances of express legislative grants of statutory immunity to individuals under certain circumstances contained in Title 9 of the Revised Statutes. In granting immunity from liability, the legislature has employed phrases such as "shall not be held liable for damages", or "shall not be individually liable to any person." See, e.g., La. R.S. 9:2800:10 (no person shall be liable for damages for injury, death, or loss sustained by a perpetrator of a felony offense during the commission of the offense or while fleeing the scene of the offense); La. R.S. 9:2792 (a director, trustee of any public, charitable or nonprofit hospital "shall not be individually liable to any person" that receives benefits from the hospital for any act or omission to act by any employee of the hospital); La. R.S. 9:2793 (no person who in good faith gratuitously renders emergency care "shall be liable for any civil damages" as a result of any act or omission in rendering the care or services).
Similarly, in extending statutory immunity, the legislature has also employed the phrase "[n]o person shall have a cause of action against." See, e.g., La. R.S. 9:2793.1 (no person shall have a cause of action against a public entity for damage to property at the site of a crime). In other instances, the legislature has extended immunity from liability by mandating that no duty of care is owed by certain individuals under certain circumstances. See La. R.S. 9:2791 (an owner, lessee or occupant of property used primarily for non-commercial recreational purposes owes no duty of care to keep such premises safe for entry or use by others).
On the other hand, paragraph F of La. R.S. 32:295 does not contain an express grant of statutory immunity shielding a defendant from damages caused by his failure to secure a child in a safety restraint device. Further, because the purpose of the law is to protect children, we are bound to read paragraph F in a way that will best accomplish that purpose. Therefore, we hold that paragraph F contains two evidentiary restrictions barring a defendant from introducing evidence that the child-victim was not in a child restraint device during a vehicular accident through the fault of the child or another as a means to reduce the child's recovery. However, it does not immunize a defendant from liability arising from the defendant's failure to properly secure a child in a vehicle.
For these reasons, we conclude that the trial court erred in granting the motion to strike and in rendering summary judgment to defendants. Accordingly, the judgment appealed from is reversed. This case is remanded to the trial court to conduct proceedings consistent with this opinion. All costs of this appeal are assessed to appellants.
REVERSED; REMANDED.
NOTES
[1] Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[2] Plaintiffs initially filed a motion for an appeal after the motion to strike was granted. In this appeal, they do not contest the dismissal of their other negligence claims, only that claim which was the subject of the motion to strike. We shall address that interlocutory ruling in this appeal from the final judgment of the trial court.