927 So.2d 1089 (2006)
Jule Urban CYBROSKI, as Legal Guardian of the property of Melanie Rodriguez, a minor, Appellant,
v.
Janet WRIGHT, Blair Wright, Sharon Rodriguez and Ricardo Ramon Rodriguez, Appellees.
No. 4D05-646.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
*1090 Michael D. Gelety, Fort Lauderdale, for appellant.
Mirene D. Charles and Andrew E. Grigsby of Hinshaw & Culbertson, LLP, Miami, for appellees Sharon Rodriguez and Ricardo Ramon Rodriguez.
STEVENSON, C.J.
Jule Cybroski, the legal guardian of Melanie Rodriguez, appeals a final judgment entered in favor of Melanie's parents, Sharon and Ricardo Ramon Rodriguez, for injuries Melanie suffered while riding in a car driven by the mother. For the reasons outlined below, we reverse the final judgment and remand the case to the trial court for proceedings consistent with this opinion.
Florida law allows an unemancipated minor to maintain a negligence action against a parent to the extent of the parent's liability insurance. See Ard v. Ard, 414 So.2d 1066 (Fla.1982). Cybroski brought this suit based on the duty of care parents have to protect their children from harm, alleging that Melanie's injuries could have been prevented had her mother ensured she utilized a seat belt. See Machin v. Walgreen Co., 835 So.2d 284, 285 (Fla. 3d DCA 2002) ("[P]arents have a constant and continuous duty as ordinary, prudent persons to watch over, supervise, and protect their children who are too young to exercise judgment to care for themselves.").
In granting summary judgment in favor of the parents, the trial court concluded that the Florida Safety Belt Law, Florida Statutes section 316.614,[1] precluded a cause of action. Pursuant to section 316.614(4)(a), Florida Statutes (2005), it is illegal to "operate a motor vehicle in this state unless each passenger and the operator of the vehicle under the age of 18 years are restrained by a safety belt or by a child restraint device pursuant to s. 316.613, if applicable."
A violation of the provisions of this section shall not constitute negligence per se, nor shall such violation be used as prima facie evidence of negligence or be considered in mitigation of damages, but such violation may be considered as evidence of comparative negligence, in any civil action.
§ 316.614(10), Fla. Stat. (2005). The trial court interpreted this section to mean that evidence of Melanie's failure to wear a seat belt could be admissible only as "evidence of comparative negligence." We disagree. "In determining the meaning of a statute we must look to the intent of the Legislature in enacting that statute." Carlile v. Game Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla.1977). "[T]he presumption is that no change in the common law is intended unless the statute is explicit in this regard." Id. (citation omitted).
*1091 In Ridley v. Safety Kleen Corp., 693 So.2d 934, 941 (Fla.1996), the supreme court explained that "the 1990 amendment [of section 316.614] was enacted to clarify and standardize the manner in which a plaintiff's failure to use a seat belt was to be utilized in a civil action, and to preclude the possibility that an injured plaintiff would be penalized twice for failing to use an available seat belt." There is no indication the Legislature intended to eliminate a parent's liability for failing to protect his or her child. Thus, contrary to the parents' assertions, section 316.614 did not displace the common law right to bring a cause of action for a parent's failure to exercise a duty of care.
Accordingly, we reverse the judgment on appeal and remand for further proceedings consistent with this decision.
Reversed and Remanded.
FARMER, J., and MARX, KRISTA, Associate Judge, concur.
NOTES
[1] The trial court cited section 316.613 in its written order. Section 316.613 refers to the use of child restraint devices when transporting children five years of age or younger. Because Melanie was twelve-years-old at the time of the accident, we assume the trial court's reference to section 316.613, instead of section 316.614, was a scrivener's error.