977 So.2d 648 (2008)
Margaret M. QUARANTELLO, etc., Appellant,
v.
David T. LEROY, Terry Leroy, etc., et al., Appellees.
No. 5D06-2340.
District Court of Appeal of Florida, Fifth District.
February 15, 2008.
Rehearing Denied March 31, 2008.
*649 Brian T. Wilson, of Dellecker Wilson King McKenna & Ruffier, A Limited Liability Partnership, Orlando, and Stephan W. Carter, Maitland, for Appellant.
Angela C. Flowers, of Kubicki Draper, Ocala, for Appellees.
SAWAYA, J.
We are called upon to interpret the meaning of section 316.613(3), Florida Statutes (1999), which states that "[t]he failure to provide and use a child passenger restraint shall not be considered comparative negligence, nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence." This particular provision is part of a broader statutory scheme intended to protect children five years of age or younger from injury in automobile accidents by requiring that they be secured in a proper *650 child passenger restraint. § 316.613, Fla. Stat. (1999). The issue we must resolve, which appears to be a matter of first impression, is whether section 316.613(3) prohibits introduction of any evidence of failure to provide and use a proper child passenger restraint in a negligence action brought by an injured child against a caretaker who allegedly failed to secure the child in such a device prior to the automobile accident that caused the injuries. We conclude that it does not and reverse the summary judgment entered in favor of the caretaker.
Margaret Quarantello, as court-appointed guardian of Alexander Swope, brought a personal injury action against Terry Leroy, Alexander's maternal grandmother, to recover damages for injuries the child sustained in a motor vehicle accident that occurred on November 15, 1999. At the time of the accident, Alexander was eleven months old, and he was under the care of Mrs. Leroy. Mrs. Leroy placed Alexander into a child booster seat in the backseat of her car in preparation for a drive. Mrs. Leroy and Alexander were both passengers in the vehicle, which was driven by Mrs. Leroy's husband, David Leroy. When the Leroys' vehicle collided with a vehicle driven by Frederick Lindsey, Alexander was thrown from the booster seat and sustained severe injuries, including quadriplegia.
Mrs. Quarantello filed an amended complaint alleging in Count IV that Mrs. Leroy was negligent because she breached a common law duty to use reasonable care in caring for the child  the complaint did not allege breach of a duty of care created by section 316.613, Florida Statutes (1999).[1] In order to meet her burden of proof, Mrs. Quarantello intended to introduce evidence that Mrs. Leroy failed to use a proper child passenger restraint to ensure that Alexander was transported safely. Specifically, Mrs. Quarantello contended that the booster seat in which Alexander was placed was designed for older children and that the appropriate restraint device would have been an infant safety seat. This allegation is in direct reference to section 316.613(1), Florida Statutes (1999), which provides that "[f]or children aged through 3 years, such restraint device must be a separate carrier or a vehicle manufacturer's integrated child seat." She claimed Alexander's mother had provided Mrs. Leroy with an appropriate infant seat and that Mrs. Leroy failed to use it.
Mrs. Leroy filed a motion for partial summary judgment, arguing that section 316.613(3), Florida Statutes, prohibits introduction of any evidence that she failed to provide or use an appropriate child passenger restraint. In essence, she contended that the statute provides her with immunity from any negligence suit where evidence of failure to provide or use an appropriate child passenger restraint is attempted to be introduced. She further argued that Mrs. Quarantello's action was predicated solely on the admission of this prohibited evidence and that summary judgment should therefore be entered in her favor. The trial court agreed and entered the judgment we now review. Mrs. Quarantello appeals, contending that section 316.613(3), Florida Statutes, only *651 bars evidence of comparative negligence and similar evidence of negligence that can be used to reduce an injured child's recovery.
Because the issue we address presents a question of law, the standard for reviewing the trial court's ruling on the motion for partial summary judgment is de novo. See Major League Baseball v. Morsani 790 So.2d 1071, 1074 (Fla.2001) ("The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo."); see also GTC, Inc. v. Edgar, 967 So.2d 781 (Fla.2007) ("Generally speaking, statutory interpretation is a question of law subject to de novo review." (citing BellSouth Telecomm., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003))).
The courts have compiled a catalogue of rules of statutory construction to provide guidance when determining the meaning of a statute. Of these, we first apply the preeminent rule that legislative intent is the most important factor that informs our analysis. See Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 5 (Fla. 2004) ("It is well settled that legislative intent is the polestar that guides a court's statutory construction analysis."). Because legislative intent is determined primarily from the text of the statute, we begin our analysis of section 316.613(3), as we do in any case of statutory interpretation, with the "actual language" used by the Legislature. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007); Borden v. E.-European Ins. Co., 921 So.2d 587, 595 (Fla.2006). If it is clear and unambiguous, we proceed no further and apply the provisions as written. See Foley v. State, 50 So.2d 179, 184 (Fla.1951).
We do not believe that section 316.613(3) is an exemplar of good legislative draftsmanship. The statute is poorly worded and ambiguous  it is unclear from the text whether the statute prohibits admission of any and all evidence of failure to use a child passenger restraint or whether it simply prohibits evidence of comparative negligence and similar evidence of negligence that may be used to reduce an injured child's recovery. The first phrase of section 316.613(3) states that "[t]he failure to provide and use a child passenger restraint shall not be considered comparative negligence," and the very next phrase provides, "nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence." The conclusion reached by the trial court and advanced by Mrs. Leroy as the correct interpretation literally begs the question: why would the Legislature bother to include the first phrase prohibiting evidence of comparative negligence if it intended to exclude all evidence in all negligence cases in the second phrase? If the trial court and Mrs. Leroy are correct, there would have been no need for the Legislature to have included the first phrase because there would be no cause of action in which a defendant could allege comparative negligence.
In arriving at its conclusion, the trial court apparently considered the first phrase meaningless or in isolation from the second. We are, however, loathe to render statutory language irrelevant in any context, and we discern no valid reason to do so here. Statutory interpretation is a "holistic endeavor," United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), and when engaged in the task of discerning the meaning of a statute, we "`will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute. . . .'" Kokoszka v. Belford, 417 U.S. 642, 650, 94 *652 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (quoting Brown v. Duchesne, 60 U.S.(19 How.) 183, 194, 15 L.Ed. 595 (1856)). Adverting to our catalogue of rules of statutory construction,
[w]e are required to give effect to "every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage." American Home Assur. Co. v. Plaza Materials Corp., 908 So.2d 360, 366 (Fla.2005) (quoting Hechtman v. Nations Title Ins., 840 So.2d 993, 996 (Fla.2003)). Moreover, "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." Id. (quoting State v. Goode, 830 So.2d 817, 824 (Fla.2002)). "[R]elated statutory provisions must be read together to achieve a consistent whole, and . . . `[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.'" Woodham v. Blue Cross & Blue Shield, Inc., 829 So.2d 891, 898 (Fla. 2002) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992)).
Heart of Adoptions, 963 So.2d at 198-99; see also Snively Groves v. Mayo, 135 Fla. 300, 184 So. 839, 841 (1938); Goode v. State, 50 Fla. 45, 39 So. 461, 463 (1905) ("It is the general rule, in construing statutes, that construction is favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole. A construction which would leave without effect any part of the language used should be rejected, if an interpretation can be found which will give it effect.'" (quoting 26 Amer. & Eng. Ency. Law 618 (2d ed.))).
Reading section 316.613(3) in its entirety, we conclude that the latter phrase, "evidence . . . with regard to negligence," gives effect and meaning to the former phrase, "comparative negligence." Interpreting the statute in this manner indicates that the Legislature intended to prohibit evidence of comparative negligence and evidence of negligence that may be similarly used to reduce an injured child's recovery. In Parker v. Montgomery, 529 So.2d 1145 (Fla. 1st DCA 1988), for example, a child was injured in an automobile accident and the defendant asserted comparative negligence as a defense based on the failure of the child's parents to secure the child in an appropriate child passenger restraint in violation of section 316.613. When the trial court entered an order striking that defense, the defendants then filed amended pleadings asserting defenses based on failure to mitigate damages and avoidable consequences, claiming that the damages could have been mitigated or avoided if the parents had complied with section 316.613. Concluding that the defenses of avoidable consequences and mitigation of damages are prohibited under the statute, the court held:
Because, however, section 316.613(3) has explicitly precluded the admission of evidence relating to the failure of a child to be placed in a child restraint device for comparative negligence purposes, the concept of mitigation of damages, inseparable, under the circumstances at bar, from the doctrine of comparative negligence, is similarly statutorily inadmissible when such nonuse is attempted to be interjected as a defense.
Id. at 1149-50. We believe that the Legislature intended to prohibit defenses similar to those alleged in Parker when it included the second phrase of section 316.613(3).
This interpretation is consistent with the statutory canon of ejusdem *653 generis, which means that "`where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase will usually be construed to refer to things of the same kind or species as those specifically enumerated[.]'" Arnold v. Shumpert, 217 So.2d 116, 119 (Fla.1968) (quoting Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 347 (1926)); see also State v. Hearns, 961 So.2d 211 (Fla.2007); Brown v. Saint City Church of God of the Apostolic Faith, Inc., 717 So.2d 557 (Fla. 3d DCA 1998).[2] The Legislature first specifically prohibited evidence of "comparative negligence" and then in the same sentence prohibited "evidence . . . with regard to negligence." Application of ejusdem generis informs us that the latter general prohibition refers to the former specific prohibition and, therefore, confirms our conclusion that the Legislature intended, through its enactment of section 316.613(3), to prohibit evidence of comparative negligence and evidence of negligence similarly used to reduce an injured child's recovery.
Looking to the manner in which similar statutes in other states have been interpreted, as is permissible for us to do, the only state statute that we have found containing language identical to that contained in section 316.613(3), Florida Statutes, is Louisiana Revised Statutes section 32:295(F), which provides: "In no event shall failure to wear a child passenger safety seat system be considered as comparative negligence, nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence, nor shall such failure be considered a moving violation." La.Rev.Stat. § 32:295(F) (2007). In Salaiman v. Louisiana Casino Cruises, 835 So.2d 823 (La.Ct.App.2002), the court addressed whether this provision provided tort immunity in a suit based on the failure to properly secure a child in a vehicle. The court concluded:
[P]aragraph F of La. R.S. 32:295 does not contain an express grant of statutory immunity shielding a defendant from damages caused by his failure to secure a child in a safety restraint device. Further, because the purpose of the law is to protect children, we are bound to read paragraph F in a way that will best accomplish that purpose. Therefore, we hold that paragraph F contains two evidentiary restrictions barring a defendant from introducing evidence that the child-victim was not in a child restraint device during a vehicular accident through the fault of the child or another as a means to reduce the child's recovery. However, it does not immunize a defendant from liability arising from the defendant's failure to properly secure a child in a vehicle.
Id. at 826.
We agree with the reasoning in Salaiman. In light of that reasoning, the interpretation of section 316.613(3) advanced by Mrs. Leroy would result in an anomaly "in Florida law because injured children between the ages of six and eighteen would be allowed to recover in a negligence action against a caretaker based on evidence that the child was not *654 properly restrained by a seat belt under section 316.614, Florida Statutes, see Cybroski v. Wright, 927 So.2d 1089 (Fla. 4th DCA 2006), but injured children five years of age or younger would not be allowed to recover based on the prohibition of similar evidence under section 316.613(3). Both sections 316.613 and 316.614 were enacted in large part to protect children from injuries in automobile accidents, yet, according to the argument advanced by Mrs. Leroy, the age of the child would determine the right to recover. The illogic that flows from this interpretation of section 316.613(3) is readily apparent and we reject it. We must abide by the rule of statutory construction that requires us to interpret a statute to avoid absurd or unreasonable results. City of Boca Raton v. Gidman, 440 So.2d 1277, 1281 (Fla.1983) ("No literal interpretation should be given that leads to an unreasonable or ridiculous conclusion or to a purpose not designated by the lawmakers."); Johnson v. Presbyterian Homes of Synod of Fla., Inc., 239 So.2d 256, 263 (Fla.1970) ("It is fundamental that a statute should be given a reasonable interpretation. No literal interpretation should be given which leads to an unreasonable or ridiculous conclusion."); State v. Sullivan, 95 Fla. 191, 116 So. 255, 261 (1928) ("[N]o literal interpretation should be given that lends to an unreasonable or ridiculous conclusion or a purpose not designed by the lawmakers."); Childers v. Cape Canaveral Hosp., Inc., 898 So.2d 973, 975 (Fla. 5th DCA 2005) ("A literal interpretation of the statutory language used is not required when to do so would lead to an unreasonable conclusion, defeat legislative intent or result in a manifest incongruity.").
As to Mrs. Leroy's contention that section 316.613(3) is, in essence, a grant of immunity, we disagree. If the Legislature intends to grant immunity from civil suit, it certainly knows how to explicitly do so. See, e.g., § 335.141(2)(a), Fla. Stat. (2007) (utilizing the language, "not liable for any action or omission"); § 768.075(1), Fla. Stat. (2007) (employing the phrase, "shall not be held liable for any civil damages"); § 768.12, Fla. Stat. (2007) (using the terminology, "shall have no cause of action"); § 768.125, Fla. Stat. (2007) (using the phrase, "shall not thereby become liable for injury or damage"); § 768.13, Fla. Stat. (2007) (employing the language, "shall not be held liable for any civil damages"). We do not discern a grant of immunity within the provisions of section 316.613(3).
We conclude that section 316.613(3) does not prevent introduction of evidence that Mrs. Leroy, the child's caretaker at the time of the accident, may have failed to use an appropriate child passenger restraint provided by the child's mother. We believe that the jury should be able to consider this evidence along with any other evidence presented by the plaintiff, Mrs. Quarantello, and give it whatever weight the jury deems appropriate. Hence, the jury, presented with all of the evidence, will have a better opportunity to find the truth regarding the cause of Alexander's injuries and make an informed decision whether he is due recompense from Mrs. Leroy.
REVERSED and REMANDED.
GRIFFIN, J., concurs.
PALMER, C.J., dissents with opinion.
PALMER, C.J., dissenting.
I respectfully dissent.
In my opinion, the language set forth in section 316.613(3), Florida Statutes (1999), is clear and unambiguous and, therefore, it is unnecessary for this court to undertake a "holistic endeavor" or to employ rules of statutory interpretation as a means to apply *655 the statute to the facts presented in this case. The statute provides that evidence as to the failure to provide or use a child passenger restraint is inadmissible "in the trial of any civil action with regard to negligence." The case before us is clearly a civil action with regard to negligence and, accordingly, the trial court properly concluded that such evidence was inadmissible. See State v. Hobbs, 974 So.2d 1119 (Fla. 5th DCA 2008)(noting that the appellate court's first consideration is to give effect to the intent of the legislature as evidenced by the plain meaning of the text).
In reversing the trial court, the majority addresses the statute's overall intent, which it finds to be the protection of children from injury in automobile accidents by requiring that they be secured in a proper child passenger restraint. However, the majority does not address the legislative intent of the specific provision at issue in this case, which precludes a person's failure to use a child passenger restraint from being considered comparative negligence. This provision does not promote the stated statutory intent, since caretakers would have more incentive to use a child passenger restraint if the failure to do so could be considered comparative negligence. Accordingly, the statutory intent of this specific provision must be something else.[1]
Additionally, the majority's concern with the anomaly between the statutory treatment of younger children and older children is not eliminated by its interpretation of the statute, since the failure of a child to use a seat belt is still admissible as comparative negligence, whereas no such evidence is admissible with regard to a younger child in a child passenger restraint.
I would affirm.
NOTES
[1] The trial court granted summary judgment as to Counts IV and V. Count V alleges that under section 827.03(3), Florida Statutes, which defines criminal child neglect, Mrs. Leroy had a duty not to neglect Alexander and she breached that duty by failing to use a proper child passenger restraint to ensure the child's safety. The trial court struck that count because it alleged ordinary negligence rather than criminal neglect. Mrs. Quarantello does not challenge the correctness of that ruling and we, therefore, do not address it.
[2] The doctrine of ejusdem generis is "`actually an application of the broader maxim `noscitur a sociis' which means that general and specific words capable of analogous meaning when associated together take color from each other so that the general words are restricted to a sense analogous to the specific words.'" Thomas v. City of Crescent City, 503 So.2d 1299, 1300 n. 2 (Fla. 5th DCA 1987) (quoting Transcon Trailers, Inc. v. Northland Ins. Co., 436 So.2d 380, 381 (Fla. 5th DCA 1983)); see also Carraway v. Armour & Co., 156 So.2d 494 (Fla. 1963); State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381, 385 (Fla. 1958).
[1] The intent could be to avoid litigation among family members, since the most likely defendant in a suit based on the failure to put a child in a child passenger restraint would be a member of the child's family., If indeed that is the intent of the legislation, allowing the instant lawsuit to proceed against the grandmother of the injured party Would be in direct conflict with that intent. I do not purport to conclude that such is the intent of this specific statute, but only to point out one logical possible intent, thereby emphasizing the danger of "interpreting" an unambiguous statute.